D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, NY 10279
Maimon@jk-llp.com

Finn W. Dusenbery
LAW OFFICE OF FINN W. DUSENBERY
110 E. 59th St, 32nd Floor
New York, NY 10022
finn@dusenberylaw.com

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

SAMARA TERREFE, on behalf of herself and others similarly situated,

               Plaintiff,

v.

GENT'S ENTERPRISES, INC., d/b/a KABOOZ'S BAR & GRILL, NICOLA FAZIO, THOMAS MICHOS, and JOEL MAIRIE.

               Defendants.

-----------------------------------------------------------x

INDEX NO.

COMPLAINT

FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, allege as follows:

### JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they

are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant Gent's Enterprises, Inc. is a New York corporation which operates Kabooz's Bar Grill in Penn Station ("Kabooz's").

5. Kabooz's has an annual gross volume of sales in excess of $500,000.

6. Defendants Nicola Fazio and Thomas Michos are owners of Kabooz's.

7. Defendants Fazio and Michos are actively involved in the management of Kabooz's.

8. Defendants Fazio and Michos have ultimate authority over employees' rates of pay, schedules, hiring and firing, and maintenance of employment records.

9. Defendants Fazio and Michos were involved in creating and/or maintaining the payroll policies that are the subject of this lawsuit.

10. Defendants Fazio and Michos exercise sufficient control of each restaurant's day to day operations to be considered an employer of Plaintiff and those similarly situated under the FLSA and New York Labor Law.

11. Defendant Joel Mairie is a manager at Kabooz's with direct authority over Plaintiff's employment.

12. Plaintiff Samara Terrefe was employed as a bartender at Kabooz's for roughly 9 years ending on or about July 14, 2015.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all front-of-house non-management employees, including bartenders, bussers, runners, and servers, employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16. Plaintiff brings the Third, Fourth, Fifth, and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all front-of-house non-

management employees, including bartenders, bussers, runners, and servers, of Defendants at any New York location on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

18. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

19. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime, and spread of hours compensation and failing to give proper wage notices. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff

and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not

parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a)    Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

    b)    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

    c)    Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

    d)    Whether Defendants properly compensated Plaintiff and Class members for overtime.

    e)    Whether Defendants provided Plaintiff and Class members with the proper wage notices.

f) Whether Defendants paid Plaintiff and Class members New York's "spread of hours" premium for days that their workdays lasted longer than 10 hours.

## FACTS

### Wage Allegations

24. Plaintiff's Consent to Sue form is attached as Exhibit A.

25. Defendants committed the following alleged acts knowingly, intentionally and willfully.

26. Plaintiff typically worked 4 to 5 shifts per week at Kabooz's.

27. Plaintiff's work shifts started at 10:00 a.m. and lasted until between 7:00 p.m. and 9:00 p.m., depending on how busy the restaurant was.

28. Plaintiff usually received a half-hour lunch break at about 3:15 p.m.

29. Defendants did not pay Plaintiff for all hours worked.

30. For example, Plaintiff's typical clock-in time was when her first customer arrived. This typically occurred after 11:00 a.m., more than one hour into her shift. Thus, more than one hour of Plaintiff's shifts each day was completely unpaid.

31. Similarly, Plaintiff was often required to cash out and perform paperwork after clocking out at night. This would often entail more than half an hour of unpaid time.

32. For the hours that Defendants did pay Plaintiff, they paid her at an hourly rate less than the full federal and state minimum wages.

33. Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available cases under 29 U.S.C 203(m) and 12 N.Y.C.R.R. §§ 137-1.5, 146-1.3 because Defendants did not provide appropriate notice of the tip credit.

34. When Defendants paid Plaintiff for overtime hours worked, they failed to pay her any overtime premium.

35. Defendants did not pay Plaintiff New York's "spread of hours" premium for days on which Plaintiff's workday lasted longer than 10 hours.

36. Defendants did not provide Plaintiff with the appropriate notices under New York Labor Law § 195.

37. Defendants committed the foregoing acts against Plaintiff, the FLSA Collective, and the Class Members.

### Sexual Harassment

38. In or about March of 2015, Plaintiff separated from her husband.

39. Shortly thereafter, Defendant Mairie, Plaintiff's immediate supervisor, commented to Plaintiff that he noticed that Plaintiff no longer wore a wedding ring. Defendant Mairie stated that "he should be the next" individual with whom Plaintiff had sex following her separation.

40. Plaintiff made clear to Mairie that his advances were unwelcome.

41. The following day or so, Mairie again propositioned Plaintiff for sex saying in substance, "We should just do it. It's just a physical act." Plaintiff told Mairie unequivocally that she did not want to have sex with him.

42. However, Mairie became more aggressive and continued to explicitly proposition Plaintiff for sex several times per week until the end of Plaintiff's employment. Each time, Plaintiff rebuffed his advances.

43. On one occasion, on Plaintiff's day off from work, Mairie told Plaintiff he would come to her house for a sexual encounter. Plaintiff, as always, rejected the advance.

44. Mairie's sexual harassment also included egregious physical advances. On one occasion Mairie grabbed Plaintiff's breast. On another occasion he caressed her crotch and told her, "You must shave down there. It feels very smooth." On yet another occasion Marie grabbed Plaintiff's buttocks.

45. On each of these occasions Plaintiff was embarrassed and humiliated. Each time, Plaintiff made it clear to Mairie that his sexual advances were unwelcome.

46. In or about early June of 2015, Plaintiff, realizing that she could not stop the egregious sexual harassment, had no choice but to leave her employment at Kabooz's. Plaintiff informed Defendants that she intended to leave on July 30, 2015.

47. Instead, Defendants terminated Plaintiff's employment on July 14, 2015.

### FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)
### (Brought By Plaintiff on Behalf of Herself
### and the FLSA Collective Plaintiffs)

48. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

49. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs.

50. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the full federal minimum wage for each hour worked.

51. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid wages, liquidated (double) damages as provided by the

FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)
(Brought By Plaintiff on Behalf of Herself
and the FLSA Collective Plaintiffs)

52.  Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

53.  Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

54.  At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff and the FLSA Collective Plaintiffs at one and one half times the full federal minimum wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiff and FLSA Collective Plaintiffs had been entitled to overtime.

55.  Plaintiff, on behalf of herself the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime wages, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)
(Brought By Plaintiff on Behalf of Herself and the Class)

56.  Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

57. Defendants knowingly failed to pay Plaintiff and the Class members the full New York State minimum wage.

58. Defendants did not pay Plaintiff and the Class members the New York minimum wage for all hours worked.

59. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 146-1.4, 137-1.3)
(Brought By Plaintiff on Behalf of Herself and the Class)**

60. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

61. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

62. Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate of one-and-one-half times the full New York minimum wage for hours worked in excess of forty (40) hours per workweek.

63. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
(New York Spread of Hours Provisions,
N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. &
Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 2011)
(Brought by Plaintiff on Behalf of Herself and the Class)

64. Plaintiff, on behalf of herself and the Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

65. Plaintiff and the Class members regularly had workdays that lasted more than ten (10) hours.

66. Defendants willfully and intentionally failed to compensate Plaintiff and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

67. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**SIXTH CLAIM FOR RELIEF**
(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)
(Brought By Plaintiff on Behalf of Herself and the Class)

68. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

69. Defendants did not provide Plaintiff and members of the Class with the notices required by N.Y. Lab. Law § 195.

70. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

**SEVENTH CLAIM FOR RELIEF**
(New York City Human Rights Law ("NYCHRL"),

N.Y.C. Admin. L. §§ 8-101 *et seq.* – Gender Discrimination
and Constructive Discharge)
(Brought by Plaintiff on Behalf of Herself
against Defendants Kabooz's and Mairie)

71. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

72. In violation of the NYCHRL, Defendants Kabooz's and Mairie intentionally discriminated against Plaintiff on the basis of her sex by sexually harassing her.

73. Defendants Kabooz's and Mairie made Plaintiffs working conditions so unbearable that she was constructively terminated.

74. As a direct and proximate consequence of Defendants' sexual harassment/discrimination against Plaintiff, she has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income, including past and future salary.

75. As a direct and proximate consequence of Defendants' sexual harassment/discrimination against Plaintiff, she has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, humiliation and anguish.

76. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**EIGHTH CLAIM FOR RELIEF**
(Common Law Battery)
(Brought by Plaintiff on Behalf of Herself
against Defendants Kabooz's and Mairie)

77. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

78. Defendant Mairie intentionally touched Plaintiff without her consent.

79. Mairie's intentional touching of Plaintiff constituted offensive bodily contact.

80. Defendant Kabooz's is liable under the doctrine of *respondeat superior*.

81. As a result of Defendants' unlawful conduct, Plaintiff are entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and medical treatment; punitive damages; and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.   Penalties available under applicable laws;

G.   Costs of action incurred herein, including expert fees;

H.   Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I.   Pre-judgment and post-judgment interest, as provided by law; and

J.   Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York  
July 22, 2015

Respectfully submitted,

By: _____  
D. Maimon Kirschenbaum  
JOSEPH & KIRSCHENBAUM LLP  
233 Broadway, 5th Floor  
New York, NY 10279  
Tel: (212) 688-5640  
Fax: (212) 688-2548

Finn W. Dusenbery  
LAW OFFICE OF FINN W. DUSENBERY  
110 E. 59th St, 32nd Floor  
New York, NY 10022  
Tel: 212-583-0030

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

# EXHIBIT A

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **Gents Enterprises Inc.** and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

SAMRA TERREF
Full Legal Name (Print)

_[signature]_
Signature

07/21/15
Date