**TARTER KRINSKY & DROGIN LLP**
Richard L. Steer
Tara Toevs Carolan
1350 Broadway – 11th Floor
New York, New York 10018
(212) 216-8000

*Attorneys for Defendants Gent's Enterprises Inc.*
*s/h/a "Gent's Enterprises, Inc.,*
*d/b/a Kabooz's Bar & Grill"*
*and Joel Myrie s/h/a "Joel Mairie"*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | |
|---|---|
| SAMARA TERREFE, *on behalf of herself and others similarly situated,* : | 15-cv-5774 (JGK) |
| : | |
| *Plaintiff,* | |
| -against- : | **DEFENDANTS GENT'S ENTERPRISES, INC. AND JOEL MAIRIE'S ANSWER TO THE FIRST AMENDED COMPLAINT** |
| GENT'S ENTERPRISES, INC., d/b/a KABOOZ'S : BAR & GRILL, NICOLA FAZIO, THOMAS MICHOS, and JOEL MAIRIE, : | |
| *Defendants.* : | |

---------------------------------------------------------------------x

Defendants Gent's Enterprises Inc. s/h/a "Gent's Enterprises, Inc., d/b/a Kabooz's Bar & Grill" ("Kabooz's") and Joel Myrie s/h/a "Joel Mairie" ("Myrie") (collectively, "Defendants"), by their attorneys Tarter Krinsky & Drogin LLP, as and for their Answer to the First Amended Complaint dated October 7, 2015 (ECF No. 25) (the "Complaint"), hereby refer to the Second Amended Answer of Defendants Gent's Enterprises Inc., Nicola Fazio, Thomas Michos, and Joel Mairie, dated October 9, 2015 (ECF No. 27) (hereinafter referred to as the "W&H Answer"), for the responses to the wage and hour allegations contained in the Complaint, and respond to the allegations relating to the Seventh Claim for Relief (New York City Human Rights Law Gender Discrimination) and the Eighth Claim for Relief (Common Law Battery) as follows:

## JURISDICTION AND VENUE

1. Refer to the W&H Answer for the responses to paragraphs 1 and 2 of the Complaint relating to the wage and hour allegations, and refer all questions of law relating to the Seventh and Eighth Claims for Relief in the Complaint to the Court for its determination.

## THE PARTIES

2. Refer to the W&H Answer for the responses to paragraphs 3-10 of the Complaint.

3. Deny the allegations in paragraph 11 of the Complaint, except admit that Myrie is a Manager at Kabooz's and was Plaintiff's direct supervisor when she was employed at Kabooz's.

4. Deny the allegations in paragraph 12 of the Complaint, except admit that Plaintiff was a bartender for approximately 9 years.

## FLSA COLLECTIVE ACTION ALLEGATIONS

5. Refer to the W&H Answer for the responses to paragraphs 13-15 of the Complaint.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

6. Refer to the W&H Answer for the responses to paragraphs 16-23(a)-(f) of the Complaint.

## FACTS

### Wage Allegations

7. Refer to the W&H Answer for the responses to paragraphs 24-37 of the Complaint.

### Sexual Harassment

8. Deny knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in paragraph 38 of the Complaint.

9. Deny the allegations in paragraph 39 of the Complaint.

10. Deny the allegations in paragraph 40 of the Complaint.

11. Deny the allegations in paragraph 41 of the Complaint.

12. Deny the allegations in paragraph 42 of the Complaint.

13. Deny the allegations in paragraph 43 of the Complaint.

14. Deny the allegations in paragraph 44 of the Complaint.

15. Deny the allegations in paragraph 45 of the Complaint.

16. Deny the allegations in paragraph 46 of the Complaint.

17. Deny the allegations in paragraph 47 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)**
**(Brought By Plaintiff on Behalf of Herself**
**and the FLSA Collective Plaintiffs)**

18. Refer to the W&H Answer for the responses to paragraphs 48-51 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**
**(Brought By Plaintiff on Behalf of Herself**
**and the FLSA Collective Plaintiffs)**

19. Refer to the W&H Answer for the responses to paragraphs 52-55 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)**
**(Brought By Plaintiff on Behalf of Herself and the Class)**

20. Refer to the W&H Answer for the responses to paragraphs 56-59 of the Complaint.

## FOURTH CLAIM FOR RELIEF
(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs, Tit. 12 §§ 146-1.4, 137-1.3)
(Brought By Plaintiff on Behalf of Herself and the Class)

21. Refer to the W&H Answer for the responses to paragraphs 60-63 of the Complaint.

## FIFTH CLAIM FOR RELIEF
(New York Spread of Hours Provisions,
N.Y. Lab. L. §§ 650 *et seq.* and N.Y. Comp. Code R. &
Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 2011)
(Brought By Plaintiff on Behalf of Herself and the Class)

22. Refer to the W&H Answer for the responses to paragraphs 64-67 of the Complaint.

## SIXTH CLAIM FOR RELIEF
(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)
(Brought By Plaintiff on Behalf of Herself and the Class)

23. Refer to the W&H Answer for the responses to paragraphs 68-70 of the Complaint.

## SEVENTH CLAIM FOR RELIEF
(New York City Human Rights Law ("NYCHRL"),
N.Y.C. Admin. L. §§ 8-101 *et seq.* – Gender Discrimination
and Constructive Discharge)
(Brought By Plaintiff on Behalf of Herself
against Defendants Kabooz's and Mairie)

24. Repeat and incorporate the responses to paragraphs 1-70 of this Answer in response to paragraph 71 of the Complaint.

25. Deny the allegations in paragraph 72 of the Complaint.

26. Deny the allegations in paragraph 73 of the Complaint.

27. Deny the allegations in paragraph 74 of the Complaint.

28. Deny the allegations in paragraph 75 of the Complaint.

29. Deny the allegations in paragraph 76 of the Complaint.

## EIGHTH CLAIM FOR RELIEF
### (Common Law Battery)
### (Brought By Plaintiff on Behalf of Herself against Defendants Kabooz's and Mairie)

30. Repeat and incorporate the responses to paragraphs 1-76 of this Answer in response to paragraph 77 of the Complaint.

31. Deny the allegations in paragraph 78 of the Complaint.

32. Deny the allegations in paragraph 79 of the Complaint.

33. Deny the allegations in paragraph 80 of the Complaint.

34. Deny the allegations in paragraph 81 of the Complaint.

## PRAYER FOR RELIEF

35. Admit Plaintiff purports to seek the relief in paragraph "A" of the Complaint, but deny such relief is warranted.

36. Admit Plaintiff purports to seek the relief in paragraph "B" of the Complaint, but deny such relief is warranted.

37. Admit Plaintiff purports to seek the relief in paragraph "C" of the Complaint, but deny such relief is warranted.

38. Admit Plaintiff purports to seek the relief in paragraph "D" of the Complaint, but deny such relief is warranted.

39. Admit Plaintiff purports to seek the relief in paragraph "E" of the Complaint, but deny such relief is warranted.

40. Admit Plaintiff purports to seek the relief in paragraph "F" of the Complaint, but deny such relief is warranted.

41. Admit Plaintiff purports to seek the relief in paragraph "G" of the Complaint, but deny such relief is warranted.

42. Admit Plaintiff purports to seek the relief in paragraph "H" of the Complaint, but deny such relief is warranted.

43. Admit Plaintiff purports to seek the relief in paragraph "I" of the Complaint, but deny such relief is warranted.

44. Admit Plaintiff purports to seek the relief in paragraph "J" of the Complaint, but deny such relief is warranted.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45. The Complaint fails to state a claim for which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46. The claims are barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred in whole, or in part, by the doctrines of waiver, estoppel, unclean hands and/or laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

48. Defendants did not willfully act in reckless disregard of Plaintiff's rights.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49. Defendants had policies procedures to prevent the alleged discriminatory acts complained of and Plaintiff failed to utilize them to prevent any alleged harm to herself.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

50. Workers' Compensation is the exclusive remedy for any injuries or alleged

damages claimed by Plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51.     Plaintiff did not suffer a tangible job detriment in light of her constructive discharge.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

52.     Plaintiff was guilty unclean hands.

**WHEREFORE**, Defendants demand that a judgment be entered dismissing the Complaint in its entirety, and that Defendants be awarded such other and further relief as the Court may be deem just and proper including but not limited to Defendants' costs and reasonable attorneys' fees.

Dated:   New York, New York
         October 15, 2015

**TARTER KRINSKY & DROGIN LLP**

By:   s/ Richard L. Steer
      Richard L. Steer
      Tara Toevs Carolan
      1350 Broadway, 11th Floor
      New York, New York 10018
      Phone: (212) 216-8000
      Fax: (212) 216-8001
      rsteer@tarterkrinsky.com
      tcarolan@tarterkrinsky.com

*Attorneys for Defendants Gent's Enterprises Inc. s/h/a "Gent's Enterprises, Inc., d/b/a Kabooz's Bar & Grill" and Joel Myrie s/h/a "Joel Mairie"*