LAW OFFICE OF FINN W. DUSENBERY

December 11, 2015

**Via ECF**

Hon. Andrew J. Peck
United State Courthouse
Southern District of New York
500 Pearl St
New York, NY 10007

      Re:    Terrefe v. Gent's Enterprises, Inc., et al.
               No. 15-cv-5774

Dear Judge Peck:

      Together with Joseph & Kirschenbaum LLP, I represent Plaintiff in the above-referenced matter. As the Court is aware, the parties have reached a settlement with respect to the wage and hour claims in this action, *i.e.*, the First to Sixth causes of action; and the sexual harassment and battery claims in this action, *i.e.*, the Seventh and Eighth causes of action. A settlement of wage and hour claims cannot be dismissed with prejudice unless either the Court or the Department of Labor approves of the settlement as fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Accordingly, I write to respectfully request approval of the Settlement Agreement for the wage and hour claims in this action, attached hereto as Exhibit A; entry of the Stipulations of Dismissal for both wage and hour and sexual harassment and battery claims, attached hereto as Exhibits B and C, respectively; and the Declaration of Finn W. Dusenbery in support of settlement approval of wage and hour claims, attached hereto as Exhibit D.

      Plaintiff Terrefe worked as a bartender at Defendants' restaurant, Kabooz's Bar and Grill, for about nine years until July 16, 2015 and filed this action on July 22, 2015. Plaintiff alleged that Defendants: (a) failed to pay Plaintiff the proper minimum wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, and New York Labor Law ("NYLL") and related regulations, 12 N.Y.C.R.R. § 146-1.2; (b) failed to pay Plaintiff proper overtime compensation under the FLSA and New York law, 29 U.S.C. § 207; 12 N.Y.C.R.R. § 146-1.4; (c) failed to pay Plaintiff an extra hour of pay at the minimum wage rate when Plaintiff worked a shift lasting longer than ten (10) hours as a spread of hours premium under 12 N.Y.C.R.R. § 146-1.6; and (d) failed to provide Plaintiff with proper wage notices and pay statements under NYLL § 195.

      Specifically, during her employment, Plaintiff contends that she typically worked four to five shifts per week, and her shifts lasted from about 10:00 a.m. until between 7:00 p.m. and 9:00 p.m., with a half-hour lunch break at about 3:15 p.m. Plaintiff further contends that she typically clocked in when her first customer arrived, at around 11:00 a.m., and was often required to cash

LAW OFFICE OF FINN W. DUSENBERY

out and perform paperwork for about half an hour after clocking out at night. Defendants dispute this and maintain that Plaintiffs' time records accurately reflect her hours worked.

Defendants paid Plaintiff the tip credit minimum wage, which is below the full federal and New York minimum wages. An employer must provide notice of the tip credit in order to pay employees pursuant to the tip credit. 29 U.S.C. § 203(m); 12 N.Y.C.R.R. § 146-1.3. Defendants have produced such notices, which they contend were signed by Plaintiff. However, Plaintiff maintains that Defendants never gave her notice of the tip credit and that she did not sign the notices Defendants have produced.

In addition, Defendants paid Plaintiff her regular rate for hours worked in excess of forty (40) per week, instead of one and a half times her regular rate and did not pay her an extra hour's pay at the New York minimum wage when her workdays lasted longer than 10 hours.

Based on the foregoing, Plaintiff estimates that her maximum compensatory damages are $58,540.84, maximum FLSA liquidated damages are $25,259.59, maximum NYLL liquidated damages are $46,315.63, and damages for NYLL notice violations are $5,000.00. Most of Plaintiff's damages are based on Defendants' allegedly improperly paying her pursuant to the tip credit.

Plaintiff has agreed to settle the wage and hour claims listed above for a total of $55,000.00, including $18,333.33 in attorneys' fees, and signed the Settlement Agreement attached hereto as Exhibit A. To obtain Court approval, the settlement must be "fair and reasonable." *Velasquez v. SAFI-G, INC.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. (citing *Medley v. Am. Cancer Soc.*, NO. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The settlement amount of $55,000.00 is well within the range of possible recovery. As set forth above, the settlement amounts to nearly all of Plaintiffs' maximum compensatory damages. Moreover, as discussed in greater detail below, there are serious disputes regarding whether Plaintiff received notice of the tip credit and Plaintiff's hours worked. If Defendants prevailed on these disputes, Plaintiff would recover far less than her maximum estimated damages. In addition, while Plaintiff's maximum estimated damages includes both FLSA and NYLL liquidated damages for the same violations, some courts do not award liquidated damages under both statutes for the same violations. *See Inclan v. New York Hospitality Group, Inc.*, 95 F. Supp. 3d 490, 505-506 (S.D.N.Y. 2015).

Second, the Settlement Agreement will spare the parties the expense of conducting a large amount of paper discovery; numerous depositions, including a 30(b)(6) deposition,

LAW OFFICE OF FINN W. DUSENBERY

depositions of four individual parties, and depositions of any non-party witnesses; and retaining experts, such as handwriting experts, which might be needed to determine the authenticity of Plaintiff's signature on certain pay notices given to Plaintiff. Further, the Settlement Agreement provides Plaintiff with an immediate recovery, as opposed to a delayed recovery or none at all.

Third, the Settlement Agreement allows the parties to avoid litigation risks. Most significantly, as set forth above, the parties dispute whether Defendants gave Plaintiff notice of the tip credit. If Defendants establish that Plaintiff did, in fact, sign these notices, then this would virtually eliminate Plaintiff's minimum wage damages under the FLSA and any liquidated damages arising therefrom. *See Flores v. Anjost Corp.*, 284 F.R.D. 112, 118 (S.D.N.Y. 2012) (McMahon, J.); *see also Hicks v. T.L. Cannon Corp.*, 35 F. Supp. 3d 329, 343 (W.D.N.Y. 2014).

Respecting Plaintiff's spread of hours claim, the parties dispute the start and end times of her shifts, as Plaintiff contends that she performed some off the clock work at the beginning and ends of her shifts. If a jury credited Defendants' evidence of Plaintiff's hours worked (*i.e.*, her time records), Plaintiff would be awarded less spread of hours damages than she seeks. In addition, her minimum wage claim for off the clock work would also fail.

Fourth, the Settlement Agreement is the result of hard-fought, arm's-length bargaining between experienced counsel. Plaintiff's attorneys focus on litigating wage and hour cases, such as this one, and negotiated the settlement over the course of about two months and based on a review of Defendants' documents. Fifth, as evidenced by the arm's-length negotiation, there was no fraud or collusion in reaching the settlement.

Under Plaintiff's contingency fee agreement, Plaintiff's counsel is entitled to request one-third in attorneys' fees from Plaintiff's recovery of $55,000.00. "An award of one third of the fund is consistent with what reasonable, paying clients pay in contingency employment cases." *Flores*, No. 11 Civ. 1531, 2014 WL 321831, at *9 (S.D.N.Y. Jan. 28, 2014); *see also Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit."); *Calle v. Elite Specialty Coatings Plus, Inc.*, NO. 13 Civ. 6126 (NGG), 2014 WL 6621081 at *2-3 (E.D.N.Y. Nov. 21, 2014) (awarding a one-third contingency fee consistent with plaintiff's counsel's retainer agreement). Accordingly, the attorneys' fee of $18,333.33 provided for in the Settlement Agreement is fair and reasonable and we request that the Court approve it and enter the Stipulations of Dismissal.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Finn Dusenbery*

Finn W. Dusenbery