**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SAMARA TERREFE, on behalf of herself
and others similarly situated,

               Plaintiff,                          Index No. 15-CV-5774 (JGK)

     v.

GENT'S ENTERPRISES, INC., d/b/a
KABOOZ'S BAR & GRILL, NICOLA
FAZIO, THOMAS MICHOS, and JOEL
MAIRIE.

               Defendants.
-------------------------------------------------------x

## SETTLEMENT AND RELEASE AGREEMENT

WHEREAS, Samra Terrefe (hereinafter, "Plaintiff") commenced an action against Gent's Enterprises Inc. d/b/a Kabooz's Bar and Grill, and Nicola Fazio, Thomas Michos, and Joel Mairie (each singularly hereinafter referred to as "Defendant," and collectively hereinafter referred to as "Defendants," and Mr. Mairie's last name spelled "Myrie" hereinafter) on or about July 22, 2015, in the United States District Court for the Southern District of New York (hereinafter, the "Court"), presently bearing Docket 15-CV-5774 (JGK) (hereinafter, the "Action") alleging unlawful employment practices, including wage and hour and discrimination violations;

     WHEREAS, Defendants filed their Answer on or about September 17, 2015, denying Plaintiff's allegations, and have contended that Plaintiff's allegations are unfounded and lack merit;

     WHEREAS, Plaintiff and Defendants Gent's Enterprises, Nicola Fazio and Thomas Michos (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred

to as "Parties") desire to fully and finally resolve and settle in full all wage and hour claims that any Plaintiff has, had, or may have against any other, by way of this Settlement and Release Agreement ("Agreement");

**WHEREAS**, Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated extensively in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's respective claims, Defendants' respective defenses, and the *bona fide* dispute between the Parties with respect to the wage and hour claims only.

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiff by Defendants of the total gross sum of Fifty-Five Thousand Dollars and Zero Cents ($55,000) (USD) (hereinafter, the "Settlement Amount"), Plaintiff, for herself, her heirs, executors, administrators, successors and assigns and anyone who has or obtains any legal rights or claims through her, waive, release, and discharge Defendants, their parent(s), subsidiaries, affiliates, divisions, joint ventures and related entities and persons, their successors and assigns, and their past and present directors, officers, agents, attorneys, insurers or insurance carriers, owners, employees, and any fiduciaries of any employee benefit plan or policy (including, but not limited to, Defendants Nicola Fazio and Thomas Michos), in both their individual and representative capacities and each of them (collectively, with Defendants, "Releasees"), of and from any and all wage and hour and/or notice claims that were and/or could have been brought in this Action ("Released Claims"), including FLSA and New York State

minimum wage violations, FLSA and New York State overtime violations, New York State spread of hours violations, and New York State notice requirements.

2. After this Agreement is fully executed, the parties will submit this Agreement to the court for approval, fully executed and signed by Plaintiff; and (ii) the Stipulation of Dismissal ("Stipulation") in the form attached as "Exhibit A" signed by Plaintiff's counsel of record in the Action.

3. Provided that the Stipulation is So-Ordered by the Court, the Settlement Amount shall consist of: $36,666.67 to Samra Terrefe and $18,333.33 to The Law Office of Finn W. Dusenbery as attorneys' fees.

   a) On the later of (a) December 15, 2015 or (b) seven (7) days after the Court So-Orders the Stipulation, Defendants will deliver a check for Eighteen Thousand, Three Hundred and Thirty Three Dollars and Thirty Four Cents ($18,333.34) to the Law Office of Finn W. Dusenbery. This amount will be distributed by Plaintiff's counsel as follows:

      i. One check for $6,111.12, less applicable withholdings, payable to Samra Terrefe. This amount shall be reportable on year-end form W-2 issued to Ms. Terrefe.

      ii. One check for $6,111.11, payable to Samra Terrefe. This amount shall be reportable on year-end form 1099 issued to Ms. Terrefe.

      iii. One check for $6,111.11, payable to Law Office of Finn W. Dusenbery. This amount shall be reportable on year-end form 1099 issued to Law Office of Finn W. Dusenbery.

3

b) On or before the date that is thirty (30) days following the date payment is made in part (a) of this Paragraph, and continuing for an additional one (1) consecutive month (for a total of three (3) equal installment payments), Defendants will deliver to Plaintiff's counsel Eighteen Thousand Three Hundred and Thirty Three Dollars and Thirty Three Cents ($18,333.33), to be distributed by Plaintiff's Counsel as follows:

    i. One check for $6,111.11, less applicable withholdings, payable to Samra Terrefe. This amount shall be reportable on year-end form W-2 issued to Ms. Terrefe.

    ii. One check for $6,111.11, payable to Samra Terrefe. This amount shall be reportable on year-end form 1099 issued to Ms. Terrefe.

    iii. One check for $6,111.11, payable to Law Office of Finn W. Dusenbery. This amount shall be reportable on year-end form 1099 issued to Law Office of Finn W. Dusenbery.

4. All payments set forth above shall be delivered to or mailed to the attention of Plaintiffs' counsel, Finn W. Dusenbery, 26 Broadway, 21st Floor, New York, NY 10004.

5. Concurrently with the execution of this Agreement, Nicola Fazio, Thomas Michos shall each execute an Affidavit of Confession of Judgment in the form attached hereto as Exhibit B. Nicola Fazio and Thomas Michos shall each provide Plaintiff's counsel with an executed Affidavit of Confession of Judgment bearing an original signature. The Affidavits of Confession of Judgment will be held in escrow by Plaintiff's counsel. In the event Defendants are in default of any of the payments required under Paragraph 3 of this Agreement, Plaintiff shall provide ten (10) calendar days' written notice to

Defendants' counsel (as defined below) of her intent to file the Affidavits of Confession of Judgment with the clerk of court of any court of competent jurisdiction for judgment to be entered against each of them, declaring Fifty-Five Thousand Dollars ($55,000) immediately due and payable, including the applicable federal post-judgment interest at the time of filing, as well as reasonable attorneys' fees and costs incurred in connection with any legal proceeding to collect that portion of the Settlement Amount which has not yet been paid, less any payments already made by Defendants pursuant to this Agreement. Defendants will have ten (10) calendar days from the receipt of said notice of default to remedy their default before Plaintiff files the Affidavits of Confession of Judgment. Upon complete satisfaction of all payments set forth in Paragraph 3, Plaintiff's counsel will return the Affidavits of Confession of Judgment to Defendants' counsel and shall retain no copies. If Plaintiff files the Affidavits of Confession of Judgment, Defendants shall be entitled to a set-off of any amounts already paid by Defendants under this Agreement.

6. In the event that any payments described in Paragraph 3 are not received by Plaintiff's counsel by the dates set forth above, Plaintiff's counsel shall notify Defendants' counsel, Harry Manesis, via email and regular mail at hpmanesis@yahoo.com, 224 West 30th Street #803, New York, NY 10001.

7. Plaintiff and Plaintiff's counsel shall provide to Defendants all appropriate IRS tax forms to assist with the issuance of the Settlement Amount.

8. Plaintiff acknowledges that she received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect.

5

9. The Parties acknowledge that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning the payment of wages. In fact, Plaintiff acknowledges that Defendants explicitly refute and deny any claims of wrongdoing.

10. This Agreement shall not be interpreted in favor of or against either Party on account of such Party's counsel having drafted this Agreement.

11. Plaintiff acknowledges that she has not divested, hypothecated, or otherwise bargained away any interest she possesses in her purported claims. Plaintiff acknowledges and represents that she knows of no other person or entity that holds a remunerative interest in any plausible legal claims she or it could assert and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiff.

12. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation.

13. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

14. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

15. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.

16. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement executed in any number of counterparts shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to counsel for Defendants, Harry Manesis, via email and regular mail at hpmanesis@yahoo.com, 224 West 30th Street #803, New York, NY 10001, (212) 947-8710, and counsel for Plaintiffs, Finn W. Dusenbery, finn@dusenberylaw.com, 26 Broadway, 21st Floor, New York, NY 10004, (212) 583-0030.

17. Plaintiff represents that she has been advised to consult legal counsel regarding this Agreement prior to her execution of the same. Plaintiff further represents that she has been provided the opportunity of at least twenty-one (21) days to review this Agreement, and that to the extent Plaintiff executes this Agreement before that twenty-one (21) day period expires, Plaintiff may freely and voluntarily elect to forgo waiting twenty-one (21) days prior to her execution of the Agreement. Plaintiff fully understands all of the provisions of this Agreement and is executing same freely and voluntarily. Plaintiff further understands that she can revoke her acceptance by communicating her revocation in writing, so as to be received by counsel for Defendants within seven (7) days of his execution of the Agreement in accordance with the notice provisions in Paragraph 14.

**IN WITNESS WHEREOF**, Plaintiff and Defendants, and their respective counsel, have duly executed this Settlement Agreement and Release freely and voluntarily.

Dated: _____, 2015

Law Office of Finn W. Dusenbery

By: _____
    Finn W. Dusenbery, Esq.
    26 Broadway, 21st Floor
    New York, NY 10004
    (212) 583-0030

    *Attorneys for Plaintiff*

Dated: 11|18_____, 2015

The Law Offices of Harry P. Manesis

By: _____
    Harry P. Manesis
    224 West 30th Street, #803
    New York, NY 10001
    (212) 947-8710

    *Attorneys for Defendants*

_____
Samra Terrefe

AGREED AND ACCEPTED:

Gent's Enterprises., Inc. d/b/a Kabooz's Bar and Grill

_____
By: NICOLA FAZIO   Title: PRES
Date: 11|18|15

8

**IN WITNESS WHEREOF**, Plaintiff and Defendants, and their respective counsel, have duly executed this Settlement Agreement and Release freely and voluntarily.

Dated: _December 1_, 2015                Dated: _____, 2015

    Law Office of Finn W. Dusenbery          The Law Offices of Harry P. Manesis

By: _Finn Dusenbery_____          By: _____
    Finn W. Dusenbery, Esq.                   Harry P. Manesis
    26 Broadway, 21st Floor                   224 West 30th Street, #803
    New York, NY 10004                        New York, NY 10001
    (212) 583-0030                            (212) 947-8710

    *Attorneys for Plaintiff*                 *Attorneys for Defendants*

_____
Samra Terrefe

AGREED AND ACCEPTED:

Gent's Enterprises., Inc. d/b/a Kabooz's Bar and Grill

_____

By: _____        Title: _____

Date: _____

8

AGREED AND ACCEPTED:

Nicola Fazio, Individually

Date: 11 18 15

AGREED AND ACCEPTED:

Thomas Michos, Individually

Date: 11 18 15

9

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
SAMARA TERREFE, on behalf of herself and
others similarly situated,

            Plaintiff,

                                                <u>Index No.</u> 15-CV-5774 (JGK)

v.

GENT'S ENTERPRISES, INC., d/b/a
KABOOZ'S BAR & GRILL, NICOLA FAZIO,
THOMAS MICHOS, and JOEL MAIRIE.

            Defendants.
--------------------------------------------------------x

<h3 style="text-align:center">STIPULATION OF PARTIAL DISMISSAL</h3>

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the FLSA and New York State minimum wage claims, FLSA and New York State overtime claims, New York spread of hours claim, and New York notice claims alleged in the above-captioned action be dismissed with prejudice, with each party to bear their own fees and costs.

      **IT IS FURTHER STIPULATED AND AGREED**, that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals

Dated: 12/1 , 2015                       Dated: 11/18 , 2015

Law Office of Finn W. Dusenbery            The Law Offices of Harry P. Manesis

By: _Finn Dusenbery_                        By: _____

1

Finn W. Dusenbery, Esq.                    Harry P. Manesis, Esq.
26 Broadway, 21st Floor                    224 West 30th Street, #803
New York, NY 10004                         New York, NY 10001
(212) 583-0030                             (212) 947-8710

*Attorneys for Plaintiff*                  *Attorneys for Defendants*

**SO-ORDERED**

_____
Hon. Andrew J. Peck, United States Magistrate Judge

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SAMARA TERREFE, on behalf of herself
and others similarly situated,

                      **Plaintiff,**                      **Index No. 15-CV-5774(JGK)**

     **v.**

GENT'S ENTERPRISES, INC., d/b/a
KABOOZ'S BAR & GRILL, NICOLA
FAZIO, THOMAS MICHOS, and JOEL
MAIRIE.

                 **Defendants.**
-------------------------------------------------------x

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK      )
                              )   ss.:
COUNTY OF NEW YORK   )

Nicola Fazio, being duly sworn, deposes and says:

1.     I am a Releasee of a Settlement Agreement related to the above-entitled action and reside at 784 Sunset Ave., Haworth, N.J. 07641.

2.     I make this affidavit pursuant to § 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against me in the above-captioned action, involving Plaintiff's allegation of wage and hour violations.

3.     This is a judgment to be confessed for money due. The facts out of which the debt arose and that the sum confessed is justly due are set forth below.

4.     In or around November 2015, Defendants agreed to pay the gross sum of Fifty Five Thousand Dollars and Zero Cents ($55,000) in exchange for the dismissal of all wage and hour claims with prejudice and the Parties executed a Settlement Agreement and Release (the "Agreement"), attached hereto as Exhibit A.

5.     Under the terms of the Agreement, Defendants agreed to pay a total gross settlement amount of Fifty Five Thousand Dollars and Zero Cents ($55,000), with an initial payment of Eighteen Thousand Three Hundred and Thirty Three Dollars and Thirty Four Cents ($18,333.34) and thereafter two (2) consecutive and monthly installment payments for Eighteen Thousand Three Hundred and Thirty Three Dollars and Thirty Three Cents ($18,333.33).

6.     Under the terms of the Agreement, if Defendants are in default in the payment of any of the said installments, Plaintiff shall provide ten (10) calendar days' written notice to Defendants of their intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction.  To exercise this right, Plaintiff shall notify Defendants' counsel, Harry Manesis, The Law Offices of Harry P. Manesis, via email at hpmanesis@yahoo.com, of her intent to do so, and Defendants shall have ten (10) calendar days to remedy their default.

7.     If Defendants do not remedy their default within ten (10) calendar days of their receipt of such notice, I hereby authorize the entry of judgment in the amount of Fifty Five Thousand Dollars and Zero Cents ($55,000.00), plus interest calculated at the now applicable federal post-judgment interest rate from the date the Agreement was executed, less any payments already made by Defendants under said Agreement, against me personally. I also agree to indemnify Plaintiff for all reasonable attorneys' fees and costs, as may be determined

2

by a Court of competent jurisdiction, incurred in connection with any legal proceeding to collect that portion of the Settlement which has not yet been paid.

     8.     I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:     New York, New York
            11/18, 2015

                     Nicola Fazio

STATE OF NEW YORK        }
                           }S.S.
COUNTY OF NEW YORK     }

     On 11/18, 2015, before me personally came Nicola Fazio, to me known, and known to me to be the individual described in, and who executed the foregoing document and duly acknowledged to me that he executed the same.

NOTARY PUBLIC

HARRY PAUL MANESIS
Notary Public, State Of New York
02MA4758048
Qualified in New York County
Commission Expires Sept. 30th 2016

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SAMARA TERREFE, on behalf of herself
and others similarly situated,

                        **Plaintiff,**                     <u>Index No.</u> **15-CV-5774(JGK)**

      **v.**

GENT'S ENTERPRISES, INC., d/b/a
KABOOZ'S BAR & GRILL, NICOLA
FAZIO, THOMAS MICHOS, and JOEL
MAIRIE.

                **Defendants.**
------------------------------------------------------------x

## <u>AFFIDAVIT OF CONFESSION OF JUDGMENT</u>

STATE OF NEW YORK      )
                             )   ss.:
COUNTY OF NEW YORK  )

Thomas Michos, being duly sworn, deposes and says:

1.      I am a Releasee of a Settlement Agreement related to the above-entitled action and reside at  9 Meadows Run Dr., Colts Neck, N.J. 07722..

2.      I make this affidavit pursuant to § 3218 of the New York Civil Practice Law and Rules, in support of Plaintiffs' application for the entry of a judgment by confession against me in the above-captioned action, involving Plaintiff's allegation of wage and hour violations.

3.      This is a judgment to be confessed for money due.  The facts out of which the debt arose and that the sum confessed is justly due are set forth below.

4.      In or around November 2015, Defendants and Releasees, including myself, agreed to pay the gross sum of Fifty Five Thousand Dollars and Zero Cents ($55,000) in exchange for the dismissal of all wage and hour claims with prejudice and the Parties

1

executed a Settlement Agreement and Release (the "Agreement"), attached hereto as Exhibit A.

5.      Under the terms of the Agreement, Defendants and Releasees, including myself, agreed to pay a total gross settlement amount of Fifty Five Thousand Dollars and Zero Cents ($55,000), with an initial payment of Eighteen Thousand Three Hundred and Thirty Four Cents ($18,333.34) and thereafter two (2) consecutive and monthly installment payments for Eighteen Thousand Three Hundred and Thirty Three Dollars and Thirty Three Cents ($18,333.33)..

6.      Under the terms of the Agreement, if Defendants are in default in the payment of any of the said installments, Plaintiff shall provide ten (10) calendar days' written notice to Defendants of her intent to file the Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction.  To exercise this right, Plaintiff shall notify Defendants' counsel, Harry Manesis, The Law Offices of Harry P. Manesis, via email at hpmanesis@yahoo.com, of her intent to do so, and Defendants shall have ten (10) calendar days to remedy their default.

7.      If Defendants do not remedy their default within ten (10) calendar days of their receipt of such notice, I hereby authorize the entry of judgment in the amount of Fifty Five Thousand Dollars and Zero Cents ($55,000.00), plus interest calculated at the now applicable federal post-judgment interest rate from the date the Agreement was executed, less any payments already made by Defendants under said Agreement, against me personally. I also agree to indemnify Plaintiff for all reasonable attorneys' fees and costs, as may be determined by a Court of competent jurisdiction, incurred in connection with any legal proceeding to collect that portion of the Settlement which has not yet been paid.

2

8.    I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:        New York, New York
              _____, 2015

              Thomas Michos

STATE OF NEW YORK           }
                            }S.S.
COUNTY OF NEW YORK}

On _____, 2015, before me personally came Thomas Michos, to me known, and known to me to be the individual described in, and who executed the foregoing document and duly acknowledged to me that he executed the same.

NOTARY PUBLIC

HARRY PAUL MANESIS
Notary Public, State Of New York
02MA4758048
Qualified in New York County
Commission Expires Sept. 30th 2016

3